3:21-mj-229

DISTRICT OF OREGON, ss:   AFFIDAVIT OF ANTHONY J. BURKE

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, Anthony J. Burke, being duly sworn, do hereby depose and state as follows:

**<u>Introduction and Agent Background</u>**

1.      I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7).  I am currently employed as a Detective with the Salem Police and sworn as a Task Force Officer ("TFO") with the Federal Bureau of Investigations ("FBI"), and assigned to the Resident Office in Salem, Oregon.  I have been a TFO since February 2020.  I am authorized, and presently assigned, to investigate violations of the Comprehensive Drug Abuse Prevention and Control Act of 1970, Title 21, United States Code, et seq., and other violations of federal law.

2.      I am also a Detective with the Salem Police Department (Salem, Oregon) and have approximately 5 years of law enforcement experience.  I have received training through the Department of Public Safety Standards and Training (DPSST) in the State of Oregon, for the certification as a police officer in the State of Oregon and I hold an Intermediate Certificate through this institution.  I have had all stages of police training, including crime investigation, acquisition and preservation of evidence, felony apprehension, search and seizure, and other police operations.  During my law enforcement career, I have participated in hundreds of drug related investigations and search warrants.  I have personally utilized all means available to law enforcement during the course of an investigation, which includes but is not limited to: surveillance, informants, undercover officers, video surveillance, photography, pen registers,

///

**Affidavit of TFO Anthony Burke**                                                      **Page** 1

vehicle trackers, wire taps, search warrants, body wires and other physical and technological investigative means.

3.      I submit this affidavit in support of a criminal complaint and arrest warrant for Rico Anthony Russell RIGUTTO (hereinafter RIGUTTO) for Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(a)(l); Conspiracy to Distribute a Controlled Substance, in violation of 21 U.S.C. § 846; Unlawful Possession of a Machinegun, in violation of 18 U.S.C. § 922(o); and, Possession of a Machinegun in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c).  As set forth below, there is probable cause to believe, and I do believe, that RIGUTTO committed the above listed offenses.

## Applicable Law

4.      Title 21, United States Code, Sections 841(a)(1) and 846 provides that it is unlawful to possess with the intent to distribute a controlled substance, distribute a controlled substance, and to conspire to do so.  Title 18, United States Code, Section 922(o), provides that it is unlawful for any person to possess a machinegun.  Title 18, United States Code, Section 924(c) provides that it is unlawful for someone to possess a firearm, including a machinegun, in furtherance of a drug trafficking crime.

## Statement of Probable Cause

5.      In November of 2021 I began working with a cooperating defendant (CD) who had been arrested and charged in federal court for possession with the intent to distribute a controlled substance, to-wit: fraudulent oxycodone pills manufactured with fentanyl, a Schedule II controlled substance.  CD is cooperating in the hope of receiving sentencing consideration.  CD has prior felony convictions for Delivery of a Controlled Substance, multiple counts of Possession of a Controlled Substance, Robbery in the Third Degree, Failure to Appear in the First Degree,

misdemeanor Assault in the Fourth Degree, and multiple misdemeanor counts of Theft in the Second Degree and Theft in the Third Degree. CD subsequently identified one of CD's sources of supply as a male, who CD refers to as "Gilly," who lives in Mexico who would facilitate the delivery of fraudulent oxycodone pills manufactured with fentanyl to people in Oregon. CD told me CD communicates with this male via social media, text message, and or phone calls.

6.      During the week of December 6, 2021, at my direction, CD reached out to the unknown male ("Gilly") in Mexico and requested to purchase 3,000 fraudulent oxycodone pills. The unknown male attempted to facilitate the deal however the CD and the unknown male were unable to coordinate the deal.

7.      On December 14, 2021, at my direction and within my presence, CD again began communicating with the unknown male ("Gilly") in Mexico in an attempt to purchase the 3,000 fraudulent oxycodone pills they previously discussed. The unknown male ("Gilly") agreed to facilitate the purchase of the pills between the CD and a local person who worked with "Gilly." CD requested the CD meet with his local supplier at the Walgreens located at 699 Wallace Rd NW, Salem, Polk County, Oregon.

8.      While in my presence, the CD received information from "Gilly" stating his local source will be driving a Tahoe with black rims.

9.      Approximately ten minutes after CD received this message, I along with other Salem Police Detectives observed a tan colored Chevy Tahoe with black rims bearing Oregon license 827 MEM, occupied by one male (later identified as RIGUTTO), arrive and park within the Walgreens' parking lot at 699 Wallace Rd NW, Salem, Polk County, Oregon.

///

///

10.     While in my presence, CD received information from "Gilly" stating the source who was delivering the pills was at the location and driving a tan colored Chevy Tahoe with black rims.  This corroborates what Salem Police Detectives observed.

11.     Salem Police Detectives surveilled RIGUTTO for approximately a half-hour as he remained parked within the Walgreens' parking lot of 699 Wallace Rd NW, Salem, Polk County, Oregon.

12.     RIGUTTO eventually left the parking lot and Salem Police Detectives followed RIGUTTO.  RIGUTTO eventually pulled over and Salem Police Detectives arrested him within the 1100 block of 6th St NW, Salem, Polk County, Oregon.   A search of RIGUTTO'S vehicle was conducted by Salem Police Detectives under the mobile vehicle exception.  During the search, Detective Garland located a loaded Glock 30S .45 automatic handgun in the center console with an aftermarket select fire switch on the slide, also referred to as a "Glock Switch" or "Glock Auto Sear."  This switch converts the semi-automatic Glock firearm into a fully automatic firearm causing the Glock pistol to shoot, be designed to shoot, and be readily restored to shoot automatically more than one shot, without manually reloading, by a single function of the trigger. The firearm was loaded and there was a round in the chamber of the gun.

13.     Detective Johnson informed me he also located a clear plastic, heat sealed package behind the front passenger seat on the floorboard in RIGUTTO's vehicle that contained a large quantity of blue colored M30 pills, which I recognized to be fraudulent oxycodone pills made with fentanyl.  I know that both oxycodone and fentanyl are Schedule II controlled substances.  The quantity observed inside the clear package appeared to be approximately 3,000 pills and was consistent with what the CD had ordered.  One of the seized pills was subject to a chemical field

test which confirmed the presence of fentanyl, a Schule II controlled substance.  The seized pills and Glock pistol are pictured below.





/// 

/// 

///



14.    Currently there has been a large increase of fraudulent oxycodone pills being manufactured and distributed within the United States.  These fraudulent pills are commonly blue in color and stamped with an "M" on one side and "30" on the other.  Additionally, based upon my experience and from subsequent forensic laboratory reports I have read, these pills are regularly manufactured with fentanyl.

15.    I also know, from my training and experience, that firearms are "tools of the trade" for drug dealers and used in furtherance of their illegal drug dealing activities.  I know that drug dealing is both a cash business and a very dangerous business and that drug dealers regularly arm themselves with firearms to protect themselves, their drugs, and their profits, thus ensuring they can continue their drug dealing activities.

16.    Detective Brian Bidiman inspected the Glock firearm and preformed a machinegun function field test on it.  The Glock Pistol functioned as fully automatic when the Glock Switch was activated.

## Conclusion

17.    Based on the foregoing, I have probable cause to believe, and I do believe, that RICO RIGUTTO committed the crimes of Possession with Intent to Distribute a Controlled

**Affidavit of TFO Anthony Burke**                                                                   **Page** 6

Substance, in violation of 21 U.S.C. § 841(a)(l); Conspiracy to Distribute a Controlled Substance, in violation of 21 U.S.C. § 846; Unlawful Possession of a Machinegun, in violation of 18 U.S.C. § 922(o); and, Possession of a Machinegun in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c).  I therefore request that the Court issue a criminal complaint and arrest warrant for RICO RIGUTTO.

18.     Prior to being submitted to the Court, this affidavit, the accompanying complaint and the arrest warrant were all reviewed by Assistant United States Attorney Scott Kerin.  AUSA Kerin advised me that in his opinion the affidavit and complaint are legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant.

_By Phone_____
Anthony J. Burke
Task Force Officer
Federal Bureau of Investigations


Sworn in accordance with the requirements of FED. R. CRIM. P. 4.1 by telephone at 6:27pm on December 14, 2021.

_____
HONORABLE STACIE F. BECKERMAN
United States Magistrate Judge